```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT
                                       :
UNITED STATES OF AMERICA               :
                                       :
                                       :
     v.                                :    No. 2:07-cr-80
                                       :
                                       :
MICHAEL CAPRIOLA,                      :
     Defendant.                        :
                                       :
```

## OPINION AND ORDER

Defendant Michael Capriola stands charged with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Capriola has moved for suppression of all evidence and fruits obtained by the Government from the search of his residence on June 22, 2007. Capriola filed his Motion to Suppress (Doc. 22) on November 28, 2007; the Court held a hearing on the motion on January 25, 2008. Capriola has argued that the search warrant was invalid because the application failed to establish probable cause. However, regardless of whether probable cause existed, the Court finds that exclusion is not appropriate in this case because the Immigration and Customs Enforcement ("ICE") agents acted in good-faith reliance on the Magistrate Judge's determination. For this reason, and for the reasons set forth in greater detail below, the Court DENIES the Defendant's Motion to Suppress (Doc. 22).

## I. Background

The Child Exploitation Section ("CES") of ICE's Cyber Crimes Center began to investigate a criminal organization operating commercial child pornography websites in April 2006. (Mapes Aff. ¶ 8.) Pursuant to this investigation CES gained access to a number of web sites suspected of providing access to child pornography; included among these was a website known as "Home Collection." *Id.* ¶¶ 8, 9. Through its investigation, CES learned that the organization received online payments for membership to these sites through PayPal. *Id.* ¶ 10. CES also identified specific PayPal accounts that were tied to the child pornography websites. *Id.*

In January 2007, CES issued a summons to PayPal seeking records related to the specified "suspect" accounts. *Id.* ¶ 11. PayPal responded by providing CES with transactional records for these accounts, including the following: dates and times of all purchases; names, billing addresses, phone numbers, email addresses, and IP addresses of customers; purchase amounts; item identification numbers; and the seller's email address. *Id.* ¶ 12. Based on the investigation, CES determined that "Item ID" 1002 corresponded with the purchase of membership access to the Home Collection website. *Id.* The PayPal records indicated that Capriola had attempted to purchase a Home Collection membership on November 26, 2006. *Id.* ¶ 18.

On June 21, 2007, ICE Agent Kim Mapes executed a sixteen-page affidavit in support of an application for a search warrant for Capriola's residence in Manchester, Vermont. The affidavit provided detailed background information on a number of subjects including the following: internet and computer technology, *id*. ¶ 7; the genesis and progress of the underlying CES investigation, *id*. ¶¶ 8-16; and characteristics common to individuals involved in the receipt and collection of child pornography, *id*. ¶ 23.

In addition, the affidavit provided information specific to the Home Collection website and Capriola's conduct. First, the affidavit specifically described the content of one image and two videos available to members on the website. *Id*. ¶ 16. The descriptions amply support Mapes' assertion that the website "contain[ed] child pornography as defined in 18 U.S.C. § 2256(8)." *Id*. Second, the affidavit states that Capriola "attempted to make a payment" for a Home Collection membership on November 26, 2006. *Id*. ¶ 18. The affidavit explicitly states that the payment was refunded. *Id*. Absent from the affidavit, however, is any information regarding what images and information were provided on the website to visitors who had not purchased a membership.

Upon reviewing the application and affidavit, Magistrate Judge Niedermeier authorized the search warrant on June 21, 2007. ICE agents executed the warrant at Capriola's residence the

following day; the agents seized numerous items including a computer which the agents subsequently analyzed.  (Opp'n to Mot. to Suppress 2.)  The Government asserts that Capriola's computer contained images that constitute child pornography under 18 U.S.C. § 2256(8).  Based on the real and testimonial evidence obtained and derived from the search, the Government has charged Capriola with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(b).

## II.  Discussion

*A.  Determination of Probable Cause*

The Supreme Court has held that assessment of probable cause "requires a practical, common-sense decision" whether the facts and circumstances set forth in the affidavit show "there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  Capriola argues that the affidavit in this case failed to establish probable cause and that the search consequently violated his Fourth Amendment rights.  The principal issue is whether an individual's attempted purchase of a membership to a website that includes child pornography establishes probable cause sufficient to support the issuance of a search warrant.

In 2005, two cases, *United States v. Martin* (*Martin I*), 426 F.3d 68 (2d Cir. 2005) and *United States v. Coreas*, 419 F.3d 151

(2d Cir. 2005), both arising out of the "Candyman" investigations, came before the Second Circuit.  Both cases presented a similar and related legal question, namely, whether a defendant's membership in an e-group through which individuals shared child pornography was sufficient to support a finding of probable cause.  Both panels held that membership was enough.[1] *Martin I*, 426 F.3d at 69; *Coreas*, 419 F.3d at 158.  Furthermore, in a subsequent opinion denying Martin's petition for rehearing, Judge Walker made clear that the nature of the e-group's name, "girls12-16", and the site's "detailed welcome message" were material considerations in assessing probable cause.  *United States v. Martin* (*Martin II*), 426 F.3d 83, 87 (2d Cir. 2005).[2]

    Capriola argues that the facts recited in the instant affidavit do not rise to the same level as those in *Martin* and *Correas*.  Martin joined the girls12-16 e-group having notice of the e-group's illegal activities, and he retained his membership after he had an opportunity to examine the site's contents.

---

[1] The *Martin I* panel issued its decision two weeks before the *Coreas* panel.  The *Coreas* panel argued that the evidence against the defendant showed nothing more than "mere propinquity," *Coreas*, 419 F.3d at 156, essentially concurring with Judge Pooler's vigorous dissent in *Martin I*.  Nonetheless, the panel found that it was compelled to follow the precedent established in *Martin I*.  *Id*. at 158.  Both Martin and Coreas subsequently filed petitions for rehearing in banc; the petitions were denied.  *United States v. Martin*, 430 F.3d 73 (2d Cir. 2005).

[2] The welcome message for the girls12-16 e-group explicitly stated that the e-group would allow users to share videos and photographs of children.  *See Martin II*, 426 F.3d at 85 n.1.

*Martin II*, 426 F.3d at 87.  The instant affidavit, however, provides no information about what a non-member visiting the Home Collection website would see or read.  In particular, the affidavit does not indicate whether the website indicated to non-members, explicitly or otherwise, that it contained child pornography.  Therefore, Capriola argues that the affidavit provides no evidence that he knew or should have known that the Home Collection website provided access to child pornography.  In the absence of such a showing, Capriola contends that evidence of his attempt to purchase membership is insufficient to establish probable cause.[3]

The Government, in response, has asserted that Capriola did obtain a membership and that the "sole function" of the Home Collection website was "to sell access to pictures and videos of child molestation."  (Opp'n to Mot. to Suppress 5-7.)  The Court need not decide the truth of these allegations: neither claim is articulated in or supported by the affidavit.  In fact, the affidavit states only that Capriola "attempted to make a payment" and that the payment was refunded.[4]  In addition, the affidavit

---

[3]  Capriola maintains that it is immaterial that Home Collection members had access to child pornography because the affidavit did not state that he ever successfully obtained a membership to the site.

[4]  The Government has argued in its brief that Capriola "did become a member" and that his "transaction was completed." (Opp'n to Mot. to Suppress 7.)  This assertion runs contrary to the language of the affidavit and to the representations of the attorneys during oral arguments.  At the hearing, the attorneys

makes no representations that the website's content exclusively comprised child pornography.

The principle counter-argument in support of a finding of probable cause is more conjectural in nature.  The Government has noted a factual distinction between this case and *Martin*, namely, that Home Collection membership was conditioned on payment of a fee whereas membership in girls12-16 was free.  The affidavit makes clear that Capriola used PayPal in an attempt to purchase membership.  Because Capriola was willing to authorize the payment of $99.95 in his attempt to obtain membership, the Government argues that the Magistrate Judge could have reasonably assumed that Capriola knew what he was bargaining for.  The existence of an innocent explanation does not necessarily negate probable cause.  *See Martin II*, 426 F.3d at 87 (quoting *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985)).  Nonetheless, the Court notes that the payment of a membership fee in this case may be consistent with an attempt to purchase legal pornography online.

Taken as a whole, the Court finds that the unique facts and circumstances of this case raise a substantial question with regard to the existence of probable cause.  However, the Court does not need to decide the question in order to resolve the

---

made representations regarding the precise content of the PayPal transactional records upon which the affidavit was based.  The language concerning Capriola's transaction indicates that he never successfully completed his purchase.

instant motion.  *See United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992) (noting that abstention from probable cause determination is appropriate if good-faith exception applies).

*B.  Good-Faith Exception*

The Supreme Court has held that evidence seized in "objectively reasonable reliance on" a warrant issued by a detached and neutral magistrate is admissible even if the warrant lacks probable cause.  *United States v. Leon*, 468 U.S. 897, 922 (1984).  "The test of objective good faith is 'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'"  *Moore*, 968 F.2d at 222 (quoting *Leon*, 468 U.S. at 922, n.23); *see also United States v. Reilly*, 76 F.3d 1271, 1273 (2d Cir. 1996) (holding that "the good faith exception requires a sincerely held and objectively reasonable belief that the warrant is based on a valid application of the law to all the known facts.")

In *Leon*, the Court noted three circumstances under which good-faith reliance may not save a warrant.  Exclusion remains appropriate in the following cases:  (1) if the affiant has knowingly or recklessly misled the magistrate, 468 U.S. at 915; (2) if the issuing magistrate has failed to perform his or her "neutral and detached function," *id*. (internal quotations omitted); or (3) if the warrant does not provide a "substantial basis for determining the existence of probable cause," *id*.

(quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)).

The present case presents none of these exceptional circumstances.  First, there is no evidence that Agent Mapes knowingly or recklessly made any misleading statements of fact in the affidavit.  To the contrary, Agent Mapes included relevant facts in the affidavit even when they cut against a finding of probable cause.  Most notably, the affidavit made clear that Capriola merely "attempted to purchase" a membership and that his payment was refunded.  Likewise, there is no indication that Magistrate Judge Niedermeier abdicated his duty, nor that he exercised anything less than a careful review of the application and affidavit.  Finally, the Court finds that the warrant did not lack sufficient "indicia of probable cause to render reliance upon it unreasonable."   *Moore*, 968 F.2d at 222.  This was not a bare-bones affidavit offering nothing more than conclusory statements of a law enforcement agent, but rather a sixteen-page document containing detailed facts relating to the investigation generally and to the specific actions of Capriola.

Because the ICE agents executed the search warrant on Capriola's residence in good-faith reliance on the magistrate's authorization, the Court holds that all evidence and fruits obtained as a result of the search are admissible.

### III.  Conclusion

For the foregoing reasons, the Defendant's Motion to Suppress (Doc. 22) is DENIED.

Dated at Burlington, Vermont this 31st day of March, 2008.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge, U.S. District Court
